### L. B. SILVER CO. v. FEDERAL TRADE COMMISSION.

(Circuit Court of Appeals, Sixth Circuit. October 16, 1923.)

No. 3648.

1. **Trade-marks and trade-names and unfair competition ⊙80½, New, vol. 8A Key-No. Series—Jurisdiction of Circuit Court of Appeals, on petition to set aside Federal Trade Commission's order, original and not appellate.**

Jurisdiction of the Circuit Court of Appeals, on petition to set aside an order of the Federal Trade Commission, is original and not appellate, even though the facts may have been so found as to be beyond controversy, and its decree should be on the lines adopted by courts of equity generally in hearing suits for injunction.

2. **Trade-marks and trade-names and unfair competition ⊙97—Injunction not granted, unless defendant continues unlawful act.**

An injunction will not be granted by the Circuit Court of Appeals on application by the Federal Trade Commission, where the defendant is not continuing or threatening unlawful acts, since the commission ordered it to desist, and there is no reason to apprehend renewal of unlawful acts.

On motion to recall mandate. Motion denied.

For former opinion, see 289 Fed. 985.

⊙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. In due time after the filing of the opinion herein, a mandate was sent to the Commission, in the usual form of mandates which go to District Courts. We directed a modification of the Commission's order in certain respects, and in other respects affirmed it. The Commission now asks that this mandate be recalled, and that this court enter its decree enjoining the Silver Company from further continuing those practices as to which we had affirmed the Commission's order. The ground of this application is that there must be an order of this court before there can be any enforcement of the Commission's order through punishment for violation; that if the application in this matter had been by the Commission for enforcement, instead of by the Silver Company for vacation, the court would have entered such an injunction order; and that, to avoid unnecessary forms and proceedings, such an order should likewise be entered when a petition for vacation is denied. It is said that this practice was pursued by the Circuit Court of Appeals of the Second Circuit in the Beech Nut Case, when the court entered its decree, pursuant to the mandate from the Supreme Court (257 U. S. 441, 42 S. Ct. 150, 66 L. Ed. 307, 19 A. L. R. 882), sustaining the Commission's order in the essential particulars, but modifying it somewhat.

It does not necessarily follow that the court should take the same action upon a petition by a respondent to set aside the Commission's order as upon a petition of the Commission to enforce; but, even if not, it would have been entirely proper for the Commission to couple with its answer in this case a cross-petition asking enforcement, and thus to present the question with all formality; and, if it were necessary, we would be inclined to permit, now, an amendment of the pleadings for that purpose.

Upon its merits, the question of the form which our order should take depends upon whether our jurisdiction is appellate or original. If the former, under our established practice we would affirm or reverse and remand, and in either case the judgment or decree to be enforced would continue to be that of the court below. If the latter, we would naturally enter our own decree, fixing the rights of the parties and in such form that it would be enforceable by us.

[1] We are satisfied that our jurisdiction in matters of this class is original, even though the facts may have been so found as to be beyond controversy. The questions of law involved are presented to us for the first time to any court, and the jurisdiction is no more appellate than is the jurisdiction of the District Courts to vacate orders of the Interstate Commerce Commission. Hence it would seem that our decrees should be upon the lines adopted by courts of equity generally in hearing suits for injunction.

[2] It is the general practice in such cases that if the defendant is continuing or threatening unlawful acts there will be an injunction; but if whatever was unlawful ceased long before the bill was filed, and as soon as it was brought to the attention of the defendant by complaint, and there is no reason to apprehend its renewal, the bill will be dismissed without prejudice. In the present case it is not claimed that any act which was found by this court to be unlawful was, after the

Commission's order to desist, by the Silver Company so continued that there would have been any basis for a proceeding by the Commission to enforce its order, excepting only as the Silver Company continued to claim that the O. I. C. breed was traceable back to a "Mammoth White." This, in the opinion of a majority of the court, was a relatively trifling incident, pertaining to the substantial claim that the O. I. C. was a separate breed. As to this substantial claim, we have held that the Silver Company should not be enjoined. The situation, then, is that, as to the only substantial respect in which the Silver Company ever disobeyed the Commission's order, and as to which its enforcement could have been asked by the Commission, it has turned out that the Silver Company was substantially right, while as to the other matters of importance involved the practices complained of were discontinued long before the Commission's order, and there is no reason to apprehend a renewal. Hence the majority of us think that the situation does not call for any injunction.

In the Beech Nut Case, it is to be assumed that the Beech Nut Company continued to follow the practices finally forbidden (and at first approved by the Circuit Court of Appeals) until the Supreme Court's decree. There was, therefore, basis for petition by the Commission to have its order enforced, and satisfactory reason for such a decree as would have been entered on such a petition.

The customary form of mandate which was used in this case is not completely appropriate to these views; but, as it takes practical effect here, the form is not prejudicial, and there is no sufficient occasion to change it.

The motion to recall is denied.