## FEDERAL TRADE COMMISSION v. STANDARD EDUCATION SOC.

(Circuit Court of Appeals, Seventh Circuit. October 22, 1926.)

### No. 3783.

1. **Trade-marks and trade-names and unfair competition** &#8658;80½, New, vol. 8A Key-No. Series—Circuit Court of Appeals, in proceeding to enforce order of Federal Trade Commission, has jurisdiction to determine whether there has been failure or neglect to obey such order; hence motion to strike answer denying violation was overruled (Federal Trade Commission Act, § 5 [Comp. St. § 8836e]).

Under Federal Trade Commission Act, § 5 (Comp. St. § 8836e), providing, "if such person, partnership, or corporation fails or neglects to obey order of commission, it may apply to Circuit Court of Appeals for enforcement of such order," that court necessarily has jurisdiction to determine whether respondent has failed or neglected to obey order involved, and hence motion to strike portion of respondent's answer denying violation of order was overruled.

2. **Trade-marks and trade-names and unfair competition** &#8658;80½, New, vol. 8A Key-No. Series—Evidentiary portion of respondent's answer in proceeding before Circuit Court of Appeals to enforce order of Federal Trade Commission was stricken on court's own motion (Federal Trade Commission Act, § 5 [Comp. St. § 8836e]).

In proceeding before Circuit Court of Appeals, under Federal Trade Commission Act, § 5 (Comp. St. § 8836e), for enforcement of order of commission, portion of respondent's answer, consisting of affidavits and evidentiary matter tending to support a denial of the violation alleged, was stricken on court's own motion.

On Application for Enforcement of Order of the Federal Trade Commission.

Application by the Federal Trade Commission for enforcement of an order previously entered by it requiring the Standard Education Society to cease and desist from further engaging in certain unfair methods of competition. On petitioner's motion to strike respondent's answer. Motion denied in part, and parties directed to stipulate facts, if possible.

Alfred M. Craven, of Washington, D. C., for petitioner.

James McKeag, of Chicago, Ill., for respondent.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Petitioner, having duly entered an order directing respondent "to cease and desist" from further engaging in certain "unfair methods of competition," filed its petition in this court (under section 5 of the act [Comp. St. § 8836e]) and prayed for an order of enforcement of its said previously entered order. Among other things, petitioner alleged in its petition: "The Standard Education Society has failed and neglected to obey such order, but is continuing to conduct its business in violation thereof. * * *" Respondent in its answer met this allegation as follows: "This respondent denies that it has failed and neglected to obey such order; denies that it has continued to conduct its business in violation thereof. * * *" In addition to this general denial, respondent inserted some 14 printed pages of self-serving affidavits, statements, etc., tending to support the denial above quoted.

[1] Petitioner now moves to strike out all of respondent's answer relating to said denial, general as well as special, including the portion heretofore quoted, on the ground that this court is without jurisdiction to try any issue of fact such as here tendered, but is limited to entering an order either affirming, modifying, or vacating the order of the commission. Referring to the statutes governing the subject, which are obviously the source of our authority, we find section 5 of the act which seems to be determinative of the question. It reads:

"If such person, partnership, or corporation fails or neglects to obey such order of the commission while the same is in effect, the commission may apply to the Circuit Court of Appeals of the United States, within any circuit where the method of competition in question was used or where such person, partnership, or corporation resides or carries on business, for the enforcement of its order, and shall certify and file with its application a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the commission. Upon such filing of the application and transcript the court shall cause notice thereof to be served upon such person, partnership, or corporation and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission. The findings of the commission as to the facts, if supported by testimony, shall be conclusive."

If the court is to give any effect to the first sentence of this section, it must recognize the express condition upon which the commission may apply for an enforcement order. It is only in case the respondent "fails or neglects to obey such order of the commission while the same is in effect" that petitioner has any standing in this court. Not only is this the plain provision of the statute, but petitioner's petition is drawn on this theory. If the allegation such as heretofore quoted from the petition be a necessary one, it follows that such allegation, together with respondent's denial, presents an issue of fact necessarily determinable before this court can or should act upon the merits of the application.

Petitioner's contention that the determination of this issue will unduly postpone the enforcement of its order is an argument that should be addressed to Congress rather than to this court. It was the apparent intention of the Congress to give the practicer of the alleged unfair methods an opportunity to mend its ways before subjecting it to a decree of court, with its attending embarrassment. To accomplish this, the act provided that the petitioner could apply for an enforcement order *only* when its order was being neglected or disobeyed. It follows, therefore, that petitioner's motion to strike out the portions of respondent's answer heretofore quoted should be denied.

[2] Upon the court's own motion, however, all of that portion of the answer which is evidentiary, consisting of affidavits, etc., is stricken out because not proper pleading.

With this issue thus tendered by the pleadings in the case, it becomes necessary for us to provide for its determination. After due consideration of the various phases of this matter of practice, we suggest to counsel that, if possible, they stipulate the facts. If they cannot, or do not, within 20 days from

the date hereof, agree upon the facts respecting this issue, either party may apply to this court for the appointment of a commissioner or referee to take testimony and report his findings upon questions of fact, the costs of such hearing to be fixed and apportioned by this court upon the coming in of the report.

It is therefore ordered that the portion of the answer of the respondent beginning with the second paragraph of subdivision 6, page 3, and continuing to the bottom of page 16, be stricken. It is ordered that otherwise the motion of petitioner is denied. It is further ordered that, unless the parties can within 20 days hereof agree upon a statement of facts respecting this issue of neglect, failure, or refusal of respondent to obey the order of the commission, either party may apply to the court for the appointment of a referee or commissioner to hear the testimony and report his findings upon this issue.