**FEDERAL TRADE COMMISSION v. BALTI-MORE PAINT & COLOR WORKS, Inc.**

No. 2958.

Circuit Court of Appeals, Fourth Circuit.

June 10, 1930.

James T. Clark, of Washington, D. C., Atty. for Federal Trade Commission (Rob't. E. Healy, Chief Counsel, Federal Trade Commission, and Martin A. Morrison, Asst. Chief Counsel, both of Washington, D. C., on the brief), for petitioner.

Harry O. Levin, of Baltimore, Md., for respondent.

Before NORTHCOTT, Circuit Judge, and McCLINTIC and HAYES, District Judges.

NORTHCOTT, Circuit Judge.

This is a proceeding under the provisions of the Federal Trade Commission Act, § 5 (38 Stat. 717, 719, U. S. Code, tit. 15, § 45 [15 USCA § 45]), for the enforcement of an order issued by the Commission June 30, 1925, requiring the respondent, Baltimore Paint & Color Works, Inc., to cease and desist from certain practices found by the Commission to constitute unfair methods of competition forbidden by the act.

The act provides:

"Sec. 5. That unfair methods of competition in commerce are hereby declared unlawful.

"The commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, and common carriers subject to the Acts to regulate commerce, from using unfair methods of competition in commerce.

"Whenever the commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition in commerce, and if it shall appear to the commission that a proceeding by it in respect thereof would

be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect, and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person, partnership, or corporation so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the commission requiring such person, partnership, or corporation to cease and desist from the violation of the law so charged in said complaint. Any person, partnership, or corporation may make application, and upon good cause shown may be allowed by the commission, to intervene and appear in said proceeding by counsel or in person. The testimony in any such proceeding shall be reduced to writing and filed in the office of the commission. If upon such hearing the commission shall be of the opinion that the method of competition in question is prohibited by this Act, it shall make a report in writing in which it shall state its findings as to the facts, and shall issue and cause to be served on such person, partnership, or corporation an order requiring such person, partnership, or corporation to cease and desist from using such method of competition. * * *

"If such person, partnership, or corporation fails or neglects to obey such order of the commission while the same is in effect, the commission may apply to the circuit court of appeals of the United States, within any circuit where the method of competition in question was used or where such person, partnership, or corporation resides or carries on business, for the enforcement of its order, and shall certify and file with its application a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the commission. Upon such filing of the application and transcript the court shall cause notice thereof to be served upon such person, partnership, or corporation and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission. The findings of the commission as to the facts, if supported by testimony, shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the commission, the court may order such additional evidence to be taken before the commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The commission may modify its findings as to the facts, or make new findings, by reason of the additional evidence so taken, and it shall file such modified or new findings, which, if supported by testimony, shall be conclusive, and its recommendation, if any, for the modification or setting aside of its original order, with the return of such additional evidence. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari as provided in section two hundred and forty of the Judicial Code. * * *

"The jurisdiction of the circuit court of appeals of the United States to enforce, set aside, or modify orders of the commission shall be exclusive.

"Such proceedings in the circuit court of appeals shall be given precedence over other cases pending therein, and shall be in every way expedited."

The Commission's order was entered after a compliance with provisions of the statute, and was entered upon a stipulated statement of facts, with which statement the Commission's findings are practically identical.

At the October, 1929, term of this court, the Commission filed an application for enforcement of its order, which application, after stating the facts and setting out the order, contains the following allegation:

"Said respondent has failed and neglected to obey said order of the commission, and has continued, and is continuing, to conduct its business in violation thereof."

The Commission then prays that this court, after notice to the respondent, "shall take jurisdiction of the proceeding and of the questions determined therein, and make and enter upon the pleadings and proceedings set forth in such transcript a decree affirming said order of the commission, and commanding the respondent, its officers, agents, representatives, and employees, to cease and desist from the acts and methods charged in said complaint and against which said order of the commission is directed."

The respondent filed an answer to the application of the Commission, in which answer the respondent admits the validity of the Commission's order, but denies "that it has

476

failed and neglected to obey the order of the Commission, and denies that since the passage of said order that it has conducted its business in violation thereof."

■ The question presented is as to the method of procedure that should be followed by the Circuit Courts of Appeals after the Federal Trade Commission has entered an order with which it alleges the respondent is not complying, but where the respondent has had no opportunity to present evidence that it is not violating the order, and where no proof had been taken before the Commission on that question. This same question has been decided by two Circuit Courts of Appeals. In the Seventh Circuit, in Federal Trade Commission v. Standard Education Society, 14 F.(2d) 947, it is held that the court will not take jurisdiction until after proof of violation of the Commission's order, and in the Second Circuit, in Federal Trade Commission v. Balme, 23 F.(2d) 615, it is held that the court will take jurisdiction and refer the question of whether the respondent is violating the order to the Federal Trade Commission for a finding of fact on that point.

The Commission alleges in its petition that its order is being violated, and the respect due by the courts to an independent agency of the government forbids the presumption that this allegation of the Commission is not made in good faith and based upon substantial grounds. It is inconceivable that the Commission could make this application to this court without having good ground upon which to make it, and the Commission is certainly to be presumed to be acting in good faith.

■ The order of the Commission is not enforceable until affirmed by this court, and it would be a useless thing for the Commission to try the question of whether its order is being violated before affirmation of the order by this court. In event of a trial before affirmation no penalty could be imposed upon the respondent, because there is no way to enforce the order until it is affirmed. If a trial were necessary before affirmation, another trial would be necessary after affirmation, because no punishment could be inflicted, except by this court, and only in the event that the order was violated after it had been affirmed. Why should there be a trial at a time when there is no ruling of the court making the practice complained of a violation of law? Until the court has spoken in a particular case as to whether or not the order of the Commission is valid, there is no violation of law punishable in any way.

We agree with the conclusion of the Circuit Court of Appeals of the Second Circuit, in case of Federal Trade Commission v. Balme, supra.

This court has no machinery for investigating or ascertaining the fact as to the compliance or noncompliance with an order of the Commission. The Commission has such machinery and is the proper body to pass upon that question.

It is therefore the conclusion of the court that the order of the Federal Trade Commission, requiring the respondent, Baltimore Paint & Color Works, Inc., to cease and desist from certain practices found by the Commission to constitute unfair methods of competition, be, and the same is, affirmed. The question of the violation of the order, the enforcement of which is asked in the petition, is referred to the Federal Trade Commission, with opportunity for the respondent to answer and submit proof, and with direction to the Commission to report its conclusions to this court.

Ordered accordingly.