## FEDERAL TRADE COMMISSION v. MORRISSEY.

### No. 4364.

Circuit Court of Appeals, Seventh Circuit.

Feb. 27, 1931.

James T. Clark, Robert E. Healy, and Martin A. Morrison, all of Washington, D. C., for petitioner.

Thomas J. Hickey, of Chicago, Ill., for respondent.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

ALSCHULER, Circuit Judge.

Petitioner filed here its petition, under section 5 of the Federal Trade Commission Act (15 USCA § 45), for a decree affirming a certain order of petitioner commanding respondent to cease and desist from doing the things as therein stated,[1] alleging that "respondent has failed and neglected to obey said order of the Commission and has violated and is continuing to violate the terms thereof."

Respondent's answer to the petition is that as to all his labels, placards, signs, and advertising he has changed and modified them to meet the views of the Commission, and that those that were not changed were discontinued, and that he will not resume the use of any labels or advertising objected to by the Commission.

If nothing appeared in the proceedings to indicate that respondent had in some respect failed to comply with the Commission's order, we would feel compelled to follow the practice which we approved in Federal Trade Commission v. Standard Education Soc., 14 F.(2d) 947, 948, by first causing inquiry to be made as to whether respondent had failed to comply with the order. We there so held pursuant to the words of the statute, "If such person * * * fails or neglects to obey such order of the commission * * * the commission may apply to the Circuit Court of Appeals," etc.

But if from proceedings following the entry of the order it is fairly apparent that in some respects the order has not been obeyed, an affirming decree by the court will be justified. Respondent's answer fails in an important respect to assert compliance with the order. It asserts compliance only as to labels, placards, signs, and advertising, but not as to the use of the name of any such fruit as a part of a corporate or trade-name under which appellee transacted business, a practice which was specifically prohibited by the order.

It appears also that, pursuant to the order, respondent filed with the Commission a report or letter setting forth the manner in which the order had been complied with. Without entering into details, it seems that considerable of the report or letter is devoted to criticising the scope of the order, and in some material respects indicates that the order was not, in its entirety, complied with, although perhaps not indicating any flagrant or willful disobedience. This, in our judgment, will warrant entry of an affirming decree.

We are of the opinion, however, that the order is somewhat too broad. It prohibits the employment of the words "orange," "lemon," "grape," or other fruit therein named, where the product is not composed wholly of natural fruit or fruit juice, with proviso that, when such product in substantial part derives its flavor from such fruit, the name of the fruit may be used either for the trade-name or the product, if it is clearly indicated that the product is not wholly made from some such fruit or its juice. But there is total inhibition of the use of the fruit name if the product is wholly artificial, containing no fruit juice whatever.

---

[1] (1) Using or authorizing the use by others in interstate commerce of the words "cherry," "strawberry," "grape," "raspberry," "ras-o-berry," "pineapple," "lime," "lemon," or "orange," either independently or in conjunction or combination with any other word or words, letter or letters, as a corporate or trade-name, or as a trade brand or designation in advertising or on labels, packages, or other containers or otherwise, in connection with the sale or distribution, in interstate commerce, of a product which is not composed wholly of the natural fruit, or juice of the fruit of the cherry, strawberry, grape, raspberry, pineapple, lime, lemon, or orange, respectively; Provided, that, when a product is composed in substantial part of any natural fruit, or the juice of such fruit, so as to derive its color and flavor from said fruit, and the name of the said fruit is used in a corporate or trade-name, or as a trade brand or designation for said product, the name of said fruit shall not be used unless said name is immediately accompanied with some other word or words, letter or letters, displayed in type equally as conspicuous as that in which the name of the fruit is displayed clearly indicating that said product is not made wholly from the natural fruit or juice of the fruit designated, and that will otherwise indicate clearly that the product is composed in part of an ingredient or ingredients other than the natural fruit or juice of the fruit designated.

(2) Using or authorizing the use by others, in interstate commerce, in advertising or upon business stationery or on containers or on labels, or otherwise, of any word or words, picture, or symbol falsely representing or suggesting that a product is made from or contains the natural juice or fruit of the cherry, strawberry, grape, raspberry, pineapple, lime, lemon, or orange, respectively.

It is further ordered that respondent, Charles T. Morrissey, pursuant to the provisions of rule XVI of the Commission's Rule of Practice, shall, within sixty (60) days after the service upon him of a copy of the order hereinbefore set forth, file with the Commission a report, in writing, setting forth in detail the manner and form in which said order has been complied with.

If a product is not in other respects violative of law, it is not to be banned merely because in taste and color it simulates a fruit. To deny to one making such product the right to use in any way the name of the fruit which it simulates would unduly restrict the opportunity or right to describe it. Let us say that in flavor and color it resembles the orange. This might not be fully describable unless the word "orange" was employed. Of course it would not be permissible falsely to represent it as containing the juice or color of the orange, but it would be entirely proper, and might even be necessary, to say, in substance, that it has an orange flavor or color, but clearly indicating that fruit does not enter into its manufacture. Paragraph 1 of the order to desist should have a further proviso to that effect.

It is ordered that to paragraph 1 of the order to desist there be added the following: Provided, further, that, if the product contains no ingredient of cherry, strawberry, grape, raspberry, ras-o-berry, pineapple, lime, lemon, or orange, the use of the name of the fruit in any label or advertisement shall be limited to a statement, in substance, that the product resembles in taste or color, or both, as the case may be, the named fruit, but contains no juice or coloring matter of the fruit.

As thus modified, a decree will be entered for enforcement of the order to cease and desist.