## NATIONAL SILVER CO. v. FEDERAL TRADE COMMISSION.

### No. 199.

Circuit Court of Appeals, Second Circuit.
March 1, 1937.

426

Brill, Bergenfeld & Brill, of New York City (Abraham Brill, Frank F. Bergenfeld, and Herbert Baer Brill, all of New York City, of counsel), for petitioner.

W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, Federal Trade Commission, and John Darsey and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This petition seeks a review of an order by the respondent directing the petitioner, who is engaged in the sale of silverware, to cease and desist "representing through the use of the term 'sectional overlay' or any term, word or phrase of like import or meaning, in advertisements or printed matter or in stamping or branding of its said silverware, or in any other manner whatsoever, that said silverware has extra deposits of silver at the points of wear, where such is not the case."

In this proceeding, pursuant to section 5 of the Federal Trade Commission Act (38 Stat. 719; 15 U.S.C.A. § 45), the Commission found on sufficient evidence that "in promoting the sale of its 'Martha Washington' pattern of silverware, the respondent (petitioner) caused the quality mark or words 'sectional overlay' to be stamped on each and every piece of said pattern, when in truth and in fact the ornamental pieces of said sets of silverware did not have an extra deposit of silver at the points of wear so as to be properly represented, designed or referred to by the quality mark 'sectional overlay.' "

The Commission further found that through long usage, the term "sectional overlay" used in association with silverware had become known by the trade and purchasing public to mean an extra deposit of silver at the points of wear and that it indicated a quality mark denoting additional value in the silverware. It found that the practice of the petitioner in stamping the term "sectional overlay" upon its ornamental pieces of silverware was misleading, had the capacity and tendency to deceive purchasers into buying what they did not intend to buy. Moreover, that in so doing, the petitioner placed in the hands of wholesalers or retailers the means of deceiving ultimate purchasers; that the petitioner thus unfairly competed in trade in interstate commerce to the prejudice of the public in violation of section 5 of the Federal Trade Commission Act.

Pursuant to section 5, petitioner filed this petition seeking to set aside the order. Our duty therefore is to examine the record to ascertain whether the findings are supported by the evidence. Federal Trade Comm. v. Curtis Pub. Co., 260 U.S. 568, 43 S.Ct. 210, 67 L.Ed. 408; Federal Trade Comm. v. Paramount Famous-Lasky Corp., 57 F.(2d) 152 (C.C.A.2). To sustain the order of the Commission, it is essential to find that the methods used are unfair and that they are used in interstate commerce and that the proceeding instituted for a cessation thereof is in the interest of the public.

Petitioner admits it is engaged in interstate commerce. We therefore inquire into the evidence of unfair competition and public interest. The Commission found "sectional overlay" to mean in the trade a quality mark denoting additional value in silverware. This finding, supported by evidence, is conclusive. Federal Trade Commission Act, § 5; Federal Trade Comm. v. Winsted Hosiery Co., 258 U.S. 483, 42 S.Ct. 384, 66 L.Ed. 729; Federal Trade Comm. v. Algoma Lumber Co., 291 U.S. 67, 54 S.Ct. 315, 78 L.Ed. 655. Misleading representation of a product constitutes an unfair method of competition within the intent of section 5. Federal Trade Comm. v. Winsted Hosiery Co., supra; Indiana Quartered Oak Co. v. Federal Trade Comm., 26 F.(2d) 340 (C.C.A.2), certiorari denied 278 U.S. 623, 49 S.Ct. 25, 73 L.Ed. 544.

On this record, it is established that the petitioner who sells silverware in interstate commerce caused its silver known as the "Martha Washington" pattern to be manufactured with all pieces stamped "sectional overlay." Its sets are know as staples and ornamental pieces. Its staples were in fact overlaid, but its ornamentals were not. Letters and words stamped on ornamental pieces which are not overlaid tend to mislead purchasers. Buyers testified to being so misled. If a purchaser is induced to purchase because petitioner's product is represented as sectionally overlaid, that violates section 5 even if the purchaser did not lose actual value or quality by reason of the false representation. Federal Trade Comm. v. Algoma Lumber Co., supra; Federal Trade Comm. v. Balme, 23 F.(2d) 615, 620 (C.C.A.2). Indeed, even where the purchaser benefits by the deception it is misleading. See Pillsbury v. Pillsbury-Washburn Flour-Mills Co. 64 F. 841 (C.C.A.7). But it is shown by the evidence that the term "sectional overlay" indicated to the public additional value and increased use and permanency of the article. Petitioner's contention that the sectional overlay is visible to the naked eye is disputed. At any rate, each purchaser is not by law charged with the duty of making a critical inspection of the petitioner's product to be guided by his own judgment. Indiana Quartered Oak

428

Co. v. Federal Trade Comm., supra; see Florence Mfg. Co. v. Dowd, 178 F. 73, 75 (C.C.A.2).

An alleged recognized custom to stamp a set of silverware with the words "overlay" where the staples only were in fact sectionally overlaid is urged as an excuse. Witnesses, both dealers and purchasers, testified that, except in the instance of very few manufacturers, they did not stamp ornamental pieces "sectionally overlaid." The petitioner's conduct cannot be condoned. The petitioner argues that the custom was changed when the code authority under the N.I.R.A. (48 Stat. 195) established a new standard of industry, and that since December, 1933, it has not stamped staples or ornamental pieces "sectionally overlaid." Even if this were so, since the petitioner asserts the legal right to use its misleading designation, it is the continuing duty of the Commission to issue, and of the court to affirm and enforce, an order to cease and desist. Here, there is no assurance that there would be a permanent discontinuance. Sears, Roebuck & Co. v. Federal Trade Comm., 258 F. 307, 6 A.L.R. 358 (C.C.A. 7); Fox Film Corp. v. Federal Trade Comm., 296 F. 353 (C.C.A.2). A mere discontinuance of the unfair competition method is no defense, nor is it sufficient to deny the enforcement order particularly where the petitioner insists it has the right to continue. Federal Trade Comm. v. Wallace, 75 F.(2d) 733 (C.C.A.8); Guarantee Veterinary Co. v. Federal Trade Comm., 285 F. 853 (C.C.A.2).

Clearly this proceeding is in the public interest and well within the requirement of the act. Federal Trade Comm. v. Balme, supra.

Order sustained.