## FEDERAL TRADE COMMISSION v. FAIRYFOOT PRODUCTS CO.

### No. 5426.

Circuit Court of Appeals, Seventh Circuit.

Feb. 11, 1938.

Harris F. Williams and Robert C. Baumgartner, both of Chicago, Ill., for Fairyfoot Products Co.

W. T. Kelley, Martin A. Morrison, Robert N. McMillen and J. W. Nichol, all of Washington, D. C., for Federal Trade Commission.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

In cause No. 5426, entitled Fairyfoot Products Company, a Corporation, Petitioner, v. Federal Trade Commission, Respondent, the petitioner sought a review of a "cease and desist" order of the Federal Trade Commission. This court concluded that the "cease and desist" order was a proper one and stated its decision in the following language: "The order of the Commission is affirmed."[1]

The Federal Trade Commission now files its petition praying that a rule issue against the Fairyfoot Products Company to show cause why it should not be adjudged in contempt for an alleged violation of the aforesaid order or decree.

The Fairyfoot Products Company, the respondent in the instant proceedings, has filed its motion to dismiss the petition for a rule to show cause and in support of its motion to dismiss urges the following grounds:

"(1) It is not shown or claimed that any order or decree of this honorable court has been violated.

"(2) The final order or decree entered by this court on December 23, 1935, was merely one of affirmance and not an order or decree of enforcement, and that affirmance was in accord with the opinion of this court (Fairyfoot Products Co. v. Federal Trade Commission, 7 Cir., 80 F.2d 684, at page 687)."

It is elementary that a court is without power to adjudge one to be in contempt for violation of a court order or decree unless the alleged contemnor has violated a judicial decree, or order, which by its coercive force, acting directly upon the person, lawfully restrains the alleged contemnor from doing the acts complained of.

Under the terms of the Federal Trade Commission Act, as amended, 15 U.S.C.A. § 41 et seq., the Circuit Court of Appeals possesses a twofold function. At the request of one against whom the "cease and desist" order has been directed it has the power to review the proceedings of the Commission to determine whether the order should be affirmed, modified, or set aside. The effect of affirmance is to adjudicate the validity of the order of the Commission and to decree its effectiveness in the sense that disobedience of it by the one against whom it is directed would constitute an unlawful act. But it does not follow that the unlawful act of disobedience can be made the basis of a contempt proceeding in this court, even though the order of affirmance of this court, in a sense, gives legal vitality to the order of the Federal Trade Commission. For the lawfulness of the order of the Commission derives ultimately from the act of Congress and not from this court's adjudication of its lawfulness.

Also by the terms of the Federal Trade Commission Act the Circuit Court of Appeals has the power to enforce valid orders of the Commission. In respect to this power of enforcement the act does not purport to grant any new power to the Circuit Court of Appeals, but assumes the existence of the equity power of coercion and obviously contemplates the use of this power. Consequently, federal courts have concluded that the decree of enforcement "should be upon the lines adopted by courts of equity generally in hearing suits for injunction."[2]

The language of authorization to the Commission to apply for enforcement of its order does not prescribe or authorize any particular type of enforcement procedure, and apparently it was the intention of Congress that the Circuit Court of Appeals should utilize the usual practice adopted by courts of equity in hearing suits for injunction and formulating decrees therein.

Different Circuit Courts of Appeals have had to decide what method of procedure should be followed after the Federal Trade Commission has entered an order with which it alleges the respondent is not complying; and when the respondent has had no opportunity to present evidence that it is not violating the order, and when no

[1] Fairyfoot Products Co. v. Federal Trade Commission, 7 Cir., 80 F.2d 684, 686.

[2] L. B. Silver Co. v. Federal Trade Commission, 6 Cir., 292 F. 752, 753; Butterick Co. et al. v. Federal Trade Commission, 2 Cir., 4 F.2d 910, certiorari denied 267 U.S. 602, 45 S.Ct. 462, 69 L.Ed. 808.

proof has been taken before the Commission on that question.

In Federal Trade Commission v. Standard Education Society,[3] the following facts appeared: The Federal Trade Commission after duly entering an order "to cease and desist" filed its petition in the Circuit Court of Appeals, Seventh Circuit, for an order of enforcement of the previously entered order. In the petition there was an allegation that the respondent had failed and neglected to obey the "cease and desist" order. The respondent answered with a denial that it had failed and neglected to obey the order and the petitioner moved to strike out all of the answer relating to such denial. It was the opinion of this court that it could not act upon the merits of the application for the enforcement of the Commission's order until it should be established as a fact that the respondent had failed or neglected "to obey such order of the Commission."[4] Consequently, the motion to strike out was overruled for the reason that the answer of denial of failure and neglect to obey the Commission's order made a proper issue of fact. Yet it is clear from the provisions of section 5 of the Federal Trade Commission Act that the question of "failure or neglect to obey the order of the Commission" will not be an issue in a proceeding in this court based upon a petition by an aggrieved party to set aside an order to "cease and desist." In fact, in the original proceedings in cause No. 5426 this court entered an order of affirmance of the Commission's order although there was no suggestion of any violation of the "cease and desist" order, and when it appeared that the petitioner in fact had desisted from the objectionable practices long prior to the issuance of the "cease and desist" order.

The necessary conclusion from the decisions of this circuit and we believe from a proper construction of section 5, is that a general order of affirmance is not equivalent to a decree of enforcement; and that a decree of enforcement should be of the general nature and form of a decree of injunction, definitely fixing the duties of the party against whom the "cease and desist" order has been issued.

Nothing that has been said in this opinion is intended to question, or restrict, the wide discretion of the Circuit Court of Appeals to determine in one proceeding the various questions which section 5 authorizes the aggrieved party and the Commission to present to the Circuit Court of Appeals.

In Q. R. S. Music Co. v. Federal Trade Commission,[5] the petitioner asked this court to set aside an order of the Federal Trade Commission. The Federal Trade Commission asked for an order of enforcement. This court disposed of all the issues presented and made the following order: "Petitioner's petition is denied. The application of respondent for an enforcement order is granted. The clerk will enter an order identical with the one entered by the commission." The legal effect of denial of petitioner's petition was to affirm the order of the Commission. This court did not consider such affirmance the equivalent of an enforcement decree, but, on the contrary, felt that it was necessary not only to formally grant the application for an enforcement order, but to specifically direct the clerk to enter an original order of this court identical with the one entered by the Commission.

We conclude that the entry of general affirmance by this court in cause No. 5426 was not in legal effect an enforcement decree of this court embodying the prohibitions of the "cease and desist" order of the Commission and enjoining the petitioner from violating the injunctive order of this court.

The motion of the respondent herein, Fairyfoot Products Company, to dismiss the petition of the Federal Trade Commission for rule to show cause is sustained, and the petition is dismissed.

---

[3] 7 Cir., 14 F.2d 947. See, also, Federal Trade Commission v. Balme, 2 Cir., 23 F.2d 615; Federal Trade Commission v. Baltimore Paint & Color Works, 4 Cir., 41 F.2d 474.

[4] "Enforcement of orders. If such person, partnership, or corporation fails or neglects to obey such order of the commission while the same is in effect, the commission may apply to the circuit court of appeals of the United States, within any circuit where the method of competition in question was used or where such person, partnership, or corporation resides or carries on business, for the enforcement of its order." Federal Trade Commission Act, § 5, 15 U.S.C.A. § 45.

[5] 7 Cir., 12 F.2d 730, 733.