## RUBEROID CO. v. FEDERAL TRADE COMMISSION.

### No. 149, Docket 21667.

United States Court of Appeals Second Circuit.

Decided Aug. 14, 1951.

Cyrus Austin, of New York City (Austin & Malkan, of New York City, on the brief), for petitioner.

Jno. W. Carter, Jr., Atty., Federal Trade Commission, of Washington, D. C. (W. T. Kelley, Gen. Counsel, and James W. Cassedy, Asst. Gen. Counsel, Federal Trade Commission, of Washington, D. C., on the brief), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.[1]

PER CURIAM.

When this appeal was first decided, our mandate was "Order affirmed; enforcement granted." Petitioner now seeks to have us amend our mandate by striking therefrom any reference to enforcement. In the original appeal, petitioner sought, as provided by 15 U.S.C.A. § 21, to have us modify an order of the Federal Trade Commission ("FTC") by limiting its scope and by inserting therein certain defenses provided by the Clayton Act, as amended, 15 U.S.C.A. § 12 et seq. The order, based upon violations of the Clayton Act, supra, had been entered after a hearing at which petitioner introduced no evidence. Though affirming the order, we attempted to set at rest any doubts petitioner had that, in a subsequent proceeding based upon an asserted violation of the order, if it should arise under different circumstances from those that originally caused the FTC to issue the order, the petitioner would be able to introduce in its defense evidence that the conduct complained of was permitted by exceptions contained in the Clayton Act

1. On written submission.

itself as amended. This, as we understood its position, was substantially all petitioner desired. The FTC, at the close of its brief on appeal, asked that the order be affirmed and that enforcement be granted, citing as authority for the latter request 15 U.S.C.A. § 45(c) which directs such a mandate if a petitioner seeks review of an order based on a violation of the FTC Act, 15 U.S.C.A. § 41 et seq., and fails to have such order set aside. Not only is no such provision found in 15 U.S.C.A. § 21 which permits a petitioner to seek review of an order of the FTC based on a violation of the Clayton Act as amended, but it is settled that the FTC cannot obtain a decree directing enforcement of an order issued under the Clayton Act in the absence of showing that a violation of the order has occurred or is imminent, F. T. C. v. Herzog, 2 Cir., 150 F.2d 450; F. T. C. v. Balme, 2 Cir., 23 F.2d 615, certiorari denied 277 U.S. 598, 48 S.Ct. 560, 72 L.Ed. 1007; F. T. C. v. Standard Brands, 2 Cir., 189 F.2d 510. Respondent asks that we treat the closing paragraph of its brief as a cross petition for enforcement of its order. Accepting *arguendo* the propriety of such a manoeuvre, we find unconvincing the FTC's reasons why, upon a cross-petition, it is not required to make the same showing of a threatened violation of its order as it must had it petitioned for enforcement. True, various cases have been cited to us where the courts have granted enforcement of an order when a petitioner has failed in its attempt to have the order set aside but, in no case prior to the one before us, so far as we can determine, has the petitioner objected to such a mandate. As we have indicated, the present peti-

tioner did not deny that its original conduct violated the Act and there was uncontradicted evidence that the practice has been abandoned on which the FTC has not made a finding. Under such circumstances so much of our mandate as directed enforcement of the order was premature and should be stricken.

So ordered.

CLARK, Circuit Judge (dissenting).

I regret the modification now ordered in our previous opinion at the request, or afterthought, of the petitioner on rehearing; for it tends to fragmentize and confuse decision and postpone ultimate adjudication to the actual gain of no one. Delay in enforcement was a reason for the reforms of the Federal Trade Commission Act of 1938, of which a chief one was direct and immediate effectiveness of orders where review was not sought and immediate enforcement, on affirmance, of orders brought before the court for review. 15 U.S.C.A. § 45(c), (g), and (*l*). Through some mischance this was not carried over in terms to cases under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, where the Commission itself sought enforcement, 15 U.S.C.A. § 21; and we have thought the more ancient law there applicable. F. T. C. v. Herzog, 2 Cir., 150 F.2d 450; cf. F. T. C. v. Standard Brands, 2 Cir., 189 F.2d 510, where there is no discussion of the issue. The Herzog case appears not to have won definitive support outside the circuit and possibly the point deserves re-examination in the light of the cases hereinafter cited.[1] But beyond the substantial difference in the statutory wording as to the two forms of proceeding,[2]

1. Lack of extra-circuit support may perhaps be connected with the changing trend, from an early heavy burden upon the Commission to show violation of its order, F. T. C. v. Standard Education Society, 7 Cir., 14 F.2d 947, down through various cases, even before the amendment of 1938, which in substance placed a burden on the respondent to show that he no longer was doing the questioned acts *or* asserting the right to do so. See, e. g., National Silver Co. v. F. T. C., 2 Cir., 88 F.2d 425, 428; F. T. C. v. Wallace,

8 Cir., 75 F.2d 733; F. T. C. v. Goodgrape Co., 6 Cir., 45 F.2d 70; F. T. C. v. Baltimore Paint & Color Works, 4 Cir., 41 F.2d 474; F. T. C. v. Morrissey, 7 Cir., 47 F.2d 101, cf. Butterick Co. v. F. T. C., 2 Cir., 4 F.2d 910, 913. Under such a rule what the petitioner can hope to obtain by the present maneuver is little indeed.

2. Compare 15 U.S.C.A. § 21, 3d paragraph, "*If such person fails or neglects to obey such order*" (italics supplied) the Commission may apply to a court of ap-

there is a certain logical difference (whatever the practical realities) between the case where the Commission affirmatively seeks action against a delinquent and where a respondent petitions for review, thus affirming the validity of his own conduct and the invalidity of the Commission action. So the cases have consistently ruled that in the latter case the matter is ripe for full decision, and that two bites at the same cherry are not necessary before a violator of a duly affirmed order can be punished.

The cases in support of this proposition are too many and too important to be dismissed on the ground that we think their discussion of the issue perchance inadequate. The principle appears to apply also whether the Commission has cross-petitioned for enforcement, as in the cases cited in Group 1 hereinafter, or whether it has not, as in the cases cited in Group 2. See, e. g., the following cases in Group 1: Elizabeth Arden, Inc., v. F. T. C., 2 Cir., 156 F.2d 132, certiorari denied 331 U.S. 806, 67 S.Ct. 1189, 91 L.Ed. 1828; Southgate Brokerage Co. v. F. T. C., 4 Cir., 150 F.2d 607, certiorari denied 326 U.S. 774, 66 S.Ct. 230, 90 L.Ed. 468; Modern Marketing Service v. F. T. C., 7 Cir., 149 F.2d 970; Signode Steel Strapping Co. v. F. T. C., 4 Cir., 132 F.2d 48; Webb-Crawford Co. v. F. T. C., 5 Cir., 109 F.2d 268, certiorari denied 310 U.S. 638, 60 S.Ct. 1080, 84 L.Ed. 1406; Oliver Bros. v. F. T. C., 4 Cir., 102 F.2d 763. And the following cases in Group 2: E. B. Muller & Co. v. F. T. C., 6 Cir., 142 F.2d 511; Quality Bakers of America v. F. T. C., 1 Cir., 114 F.2d 393; Carter Carburetor Corp. v. F. T. C., 8 Cir., 112 F.2d 722; Great Atlantic & Pacific Tea Co. v. F. T. C., 3 Cir., 106 F.2d 667, certiorari denied 308 U.S. 625, 60 S.Ct. 380, 84 L.Ed. 521. Moreover, the Supreme Court itself has granted enforcement under like circumstances, both on cross-petition, F. T. C. v. A. E. Staley Mfg. Co., 324 U.S. 746, 760, 65 S.Ct. 971, 89 L.Ed. 1338, cf. below, A. E. Staley Mfg. Co. v. F. T. C., 7 Cir., 144 F.2d 221, 222, or, so far as appears, without such petition. F. T. C. v. Cement Institute, 333 U.S. 683, 730, 68 S.Ct. 793, 92 L.Ed. 1009.

In view of this number and weight of authority, petitioner had indeed hardihood to raise the issue; and our decision herein must promote confusion in view of our earlier rulings.[3] At the very least, since the Act is at most ambiguous on our exact point, we have a choice permitting us to follow the cases in the newer and more direct procedure, rather than choosing to tie up commission practice with merely repetitious hearings which can do even the petitioner no good except for the everlasting hope of mischance from a surfeit of judicial proceedings.[4] I would deny the petition.

peals for enforcement of its order, with the 4th paragraph, beginning, "Any party required by such order of the Commission * * * to cease and desist from a violation charged" may obtain a court review by filing its petition, and continuing that upon the filing of a transcript of the record by the Commission "the court shall have the same jurisdiction to affirm, set aside, or modify the order of the Commission * * * as in the case of an application by the Commission * * * for the enforcement of its order."

3. Although I do not view it as in any way determinative, I do feel that the opinion is seriously in error in the suggestion of uncontradicted evidence "that the petitioner's practice had been abandoned." This is violently controverted by the Commission. As I read the evidence, it was to the effect that while the war did bring about "radical changes" yet at the time of the hearing in 1946 there was still discount to "wholesalers" and "applicators" in New Orleans, claimed to be "because of competitive conditions"—a point obviously productive of dispute until and unless settled by supportable findings.

4. One may indeed wonder how much of practical usable law the petitioner has secured. The Commission has referred us to several unreported decisions of ours where we have upheld contempt proceedings without enforcement on top of affirmance, and the wisdom of venturing a violation for lack of Pelion on Ossa might well seem doubtful. A court even moderately jealous of its own dignity might well gag at overlooking planned violation of its own order of affirmance merely because the latter lacked the two mystic words: "Enforcement granted."