**FEDERAL TRADE COMMISSION v.
WHITNEY & CO. et al.**

No. 12700.

United States Court of Appeals
Ninth Circuit.

Nov. 1, 1951.

W. T. Kelley, Gen. Counsel, James W. Cassedy, Asst. Gen. Counsel, John W. Carter, Jr., Attorney, Federal Trade Commission, Washington, D. C., for petitioner.

Bogle, Bogle & Gates, Robert W. Graham and J. Kenneth Brody, Seattle, Wash., for respondent.

Before MATHEWS, BONE and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

Under § 11 of the Clayton Act, as amended, 15 U.S.C.A. § 21, the Federal Trade Commission, on February 12, 1945, issued a complaint charging that Whitney & Company, James R. O'Brien and others had violated and were violating the provisions of § 2(c) of the Act, as amended, 15 U.S.C.A. § 13(c). The complaint was served on the persons complained of (Whitney & Company, O'Brien and others) on February 14, 1945. It contained a notice of hearing. Said persons appeared, and a hearing was had. Thereupon, being of the opinion that said persons had violated and were violating the provisions of § 2(c), the Commission, on March 25, 1946, made a report in writing, stating its findings as to the facts, and issued an order requiring said persons to cease and desist from such violations. The order was served on April 1, 1946, and has been in effect ever since.

■ On September 29, 1950, the Commission, alleging that Whitney & Company and O'Brien had failed and neglected to obey the order, applied to this court under § 11 for a decree affirming the order and enforcing it as to Whitney & Company and O'Brien.[1] Whitney & Company and O'Brien, answering the application, denied that they had failed or neglected to obey the order, but they have not challenged the validity of the order. Instead, they have admitted its validity. The Commission is therefore entitled to an affirmance of the order.[2] However, on the issue raised by their answer—whether or not they have failed or neglected to obey the order—Whitney & Company and O'Brien are entitled to a hearing, with an opportunity to submit evidence.[3]

■ O'Brien has moved this court to dismiss the enforcement proceeding as to him on the ground that, although he was alleged and found by the Commission to be an official and stockholder of Whitney & Company, he is no longer such, and that no useful purpose would be served by his retention as a party to the proceeding. The issue thus raised or attempted to be raised may, if O'Brien so desires, be raised before the Commission.

Accordingly, the order is affirmed; the proceeding is referred to the Commission, with directions to hear evidence on the issues mentioned above and to report its conclusions to this court; and O'Brien's motion is denied without prejudice.

1. Enforcement was not sought as to the other persons complained of.

2. Federal Trade Commission v. Herzog, 2 Cir., 150 F.2d 450. See, also, Federal Trade Commission v. Balme, 2 Cir., 23 F.2d 615; Federal Trade Commission v. Baltimore Paint & Color Works, 4 Cir., 41 F.2d 474; Federal Trade Commission v. Standard Education Society, 2 Cir., 86 F.2d 692, reversed on other grounds in 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141.

3. See cases cited in footnote 2.